FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2018 AUG -1 PM 1:31

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

PAUL E. GAVIN AND
LINDA V. GAVIN,

    Plaintiffs,

v.                                            CASE NO. _____

TERAPHYSICS CORPORATION;
LOUIS FISI; GERALD MEARINI;             2:18-cv-532-FtM-99MRM
JAMES DAYTON; GERALD W.
COWDEN; JERRY CUOMO; and
THOMAS HONEYWILL,

    Defendants.
_____/

## COMPLAINT

PAUL E. GAVIN and LINDA V. GAVIN ("Plaintiffs"), by and through undersigned counsel, sue TERAPHYSICS CORPORATION ("Teraphysics"); LOUIS FISI ("Fisi"); GERALD MEARINI ("Mearini"); JAMES DAYTON ("Dayton"); GERALD W. COWDEN ("Cowden"); JERRY CUOMO ("Cuomo"); and THOMAS HONEYWILL ("Honeywill") (collectively "Defendants"), and allege:

### General Allegations

1. This Complaint sets forth causes of action for damages in excess of $75,000.00, exclusive of costs and fees.

2. Plaintiffs are individuals residing in Lee County, Florida.

3. Teraphysics is a Delaware corporation with its principal place of business in Ohio.

4. At all times relevant herein, Fisi was Teraphysics' chairman, chief executive officer, and a member of its board of directors.

5. At all times relevant herein, Mearini was Teraphysics' president and a member of its board of directors.

6. At all times relevant herein, Dayton is/was Teraphysics' chief technology officer and a member of its board of directors.

7. At all times relevant herein, Cowden is/was Teraphysics' legal counsel and a member of its board of directors.

8. At all times relevant herein, Cuomo is/was a member of Teraphysics' board of directors.

9. At all times relevant herein, Honeywill is/was a member of Teraphysics' board of directors.

10. At all times relevant herein, Fisi, Mearini, Dayton, Cowden, Cuomo, and Honeywill together are Teraphysics' majority shareholders.

11. Based on information or belief, all individual defendants reside in Ohio.

12. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332. There is complete diversity among the parties, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

13. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because a substantial portion of the transactions and causes of action complained of herein occurred in this District.

14. In 2016 and 2017, Teraphysics, by and through its authorized agent Dale Miller ("Miller"), solicited investors, including Plaintiffs, to purchase shares of Teraphysics' stock. In its Prospectus provided in 2016, as well as in a document entitled "Teraphysics Illuminating a Spectrum of New Possibilities, Confidential

Investment Overview," Teraphysics represented that it had "recently achieved a revolutionary advancement" in Terahertz (THz) light technology, "the first suite of miniaturized commercially viable THz devices capable of generating and amplifying power levels that meet or exceed what is required for commercial viability." A true and correct copy of the aforementioned document is attached hereto as <u>Exhibit "A"</u>.

15.  In or about November 2017, Plaintiffs purchased 100,000 shares of Teraphysics' stock for $100,000.00 by and through Miller with the full knowledge and consent of Fisi.

16.  Based on information and belief, Miller was soliciting potential investors in Teraphysics based on the misrepresentations and omissions he received from Fisi, other members of Teraphysics' management, and the written materials from Teraphysics, including the Prospectus and the Confidential Invest Overview. See Exhibit A.

17.  Based on information and belief, at the time of the solicitations of investors, Miller was unaware of the misrepresentations and omissions and is also a damaged investor in Teraphysics.

18.  Miller and Plaintiff, Paul Gavin, met in Bonita Springs, Florida on several occasions in 2016 and 2017. Plaintiffs purchased Teraphysics' stock based on the information provided through Miller by Teraphysics and its management, as expressed in Miller's October 9, 2017 e-mail and subsequent meetings. A true and correct copy of the Miller e-mail is attached hereto as <u>Exhibit "B"</u>. Additionally, Plaintiffs purchased the stock based on information espoused in Exhibit A.

19.  Among Teraphysics' claims was that it had developed a patented method

of achieving data transmission rates for 5G wireless technology that is revolutionary in efficiency and cost effectiveness. Teraphysics claimed that it developed revolutionary devices that are capable of producing three hundred (300) times more power than conventional sources while being more than one hundred (100) times smaller with a ninety percent (90%) weight reduction over the present state-of-the-art devices. Teraphysics also claimed that it developed the first practical THz amplifier.

20. Furthermore, Teraphysics claimed that it made revolutionary advancements in THz light technology application for medical systems and food processing and safety inspections. Teraphysics further claimed that it was "currently engaged with a number of large industrial companies, including Nestle, Mars, and Ferrerro" and set forth projected revenues of $100 million over a five-year span, beginning in 2016.

21. Miller, based on information from Teraphysics and Fisi, represented that Teraphysics was in the process of syndicating funds through a Reg A+ public stock offering (the "Offering"); however, the Offering was moving slower than expected.

22. Teraphysics, Fisi and the Teraphysics' management represented that the Offering would range from Nine Million Dollars ($9,000,000.00) to approximately Forty-four Million Dollars ($44,000,000.00). Miller represented that Teraphysics was a much better investment in 2017 than in 2016 for a number of reasons, including but not limited to it being in a much stronger financial position.

23. Defendants represented that Teraphysics was close to signing a multimillion-dollar, multi-year deal with Verizon for the use of Teraphysics' technology. Furthermore, Defendants represented that Deutsche Telekom—T-Mobile—and other

multinational companies were interested in contracting with Teraphysics and its wholly-owned subsidiary mmLink.

24. It was represented to Plaintiffs that they had a small window of opportunity to purchase Teraphysics' stock at $1.00 per share, because once the window closed, shares would be worth approximately $5.00 per share.

25. Defendants represented that Teraphysics would raise in the aggregate approximately One Hundred Million Dollars ($100,000,000.00) to enter the market by 2019.

26. Defendants' representations were material in inducing Plaintiffs' purchase of Teraphysics' stock.

27. Plaintiffs believed and reasonably relied on Defendants' representations in purchasing shares of Teraphysics' stock.

28. Based on information and belief, Teraphysics had substantial unpaid debts, was insolvent, and had not undertaken the necessary independent over-the-air (OTA) testing that was necessary to demonstrate to the wireless industry that its claim of data transmission performance in 5G technology actually worked and was viable. Without the aforementioned independent testing, Teraphysics could not attract investments from within the wireless industry.

29. Defendants knew or should have known about Teraphysics' financial troubles; that the Reg A+ Offering was likely to fail; that the wrong securities firm was selected to bring the Offering to market; and that without independent OTA testing, Teraphysics could not raise the funds necessary from larger investors.

30. Defendants knew or should have known that Teraphysics' financial

projections were flawed, blindly optimistic, incorrect, not based on proven math and market projections, and made solely for the purpose on inducing investors to purchase Teraphysics' stock.

31. Defendants deliberately and intentionally made false representations to deceive Plaintiffs into purchasing shares of Teraphysics' stock.

32. Based on information or belief, Teraphysics and its subsidiary mmLink spent in excess of Twenty Million Dollars ($20,000,000.00) without producing the working OTA 5G wireless prototype that was required to obtain and garner the interest of any of the aforementioned multinational companies.

33. Based on information and belief, Teraphysics, through the vote of its board of directors, had advanced approximately Two Million Eight Hundred Ninety Thousand Dollars ($2,890,000.00) to TeraView Limited as non-refundable working capital from April 2013 through December 2014, with no realized gains.

34. On or about March 23, 2018, Plaintiffs received an e-mail from Miller stating that Teraphysics was insolvent and dangerously close to declaring bankruptcy. The e-mail further stated that Teraphysics' management was dishonest and was unwilling to attract additional capital. A true and correct copy of the e-mail is attached hereto as Exhibit "C".

35. On or about April 27, 2018, Plaintiffs made written demand for the return of their funds. A true and correct copy of the demand is attached hereto as Exhibit "D".

36. On or about May 1, 2018, Fisi informed Plaintiffs that Teraphysics was taking action to return their funds. A true and correct copy of Fisi's correspondence is attached hereto as Exhibit "E".

37. On or about May 10, 2018, Mearini informed Plaintiffs that Teraphysics was securing Two Million Dollars in additional funds and would return Plaintiffs' funds. A true and correct copy of Mearini's correspondence is attached hereto as <u>Exhibit "F"</u>.

38. Plaintiffs made additional demands for the return of their funds in an attempt to amicably resolve the underlying issues; however, Defendants have ignored these demands.

39. On or about June 13, 2018, Plaintiffs made written demand that the board of directors appoint an independent receiver to operate Teraphysics and that independent board members be appointed. A true and correct copy of aforementioned demand is attached hereto as <u>Exhibit "G"</u>.

40. All conditions precedent to bringing this lawsuit have been fulfilled, have occurred by operation of law, or have been waived.

## Count I – Securities Fraud
### (Violation of § 517.301, *Florida Statutes*)

41. Plaintiffs restate and reallege paragraphs 1 through 40 as if fully set forth herein.

42. Defendants obtained money from Plaintiffs by means of untrue statements of material fact.

43. All of the above information that Defendants either misrepresented or failed to disclose to Plaintiffs was material in that any reasonable investor would find the information important in making investment decisions.

44. The Defendants' misrepresentations and omissions in the sale of the shares of Teraphysics constitute: (a) a device, scheme, or artifice to defraud; (b) a method of obtaining money or property by means of untrue statement of a material fact,

7

and an omission of a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) a transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a person.

45. Plaintiffs relied on the misrepresentations and omissions made by Defendants, and their damages are a result of such reliance.

46. Plaintiffs have retained the undersigned law firm of Henderson, Franklin, Starnes & Holt, P.A. in this action and are obligated to pay it a reasonable fee for its services in bringing this action.

47. Plaintiffs are entitled to recover their costs and attorneys' fees from Defendants, pursuant to § 517.211(6), *Florida Statutes*.

**WHEREFORE**, PAUL E. GAVIN and LINDA V. GAVIN respectfully request that this Court find DEFENDANTS jointly and severally liable, and award them damages of the full value paid for the security or investment at issue, plus interest thereon at the legal rate, attorneys' fees and costs, together with such other and further relief as this Court deems just and proper.

### Count II – Rescission
### (§ 517, *Florida Statutes*)

48. Plaintiffs restate and reallege paragraphs 1 through 40 as if fully set forth herein.

49. Fisi, Teraphysics and its management misrepresented and/or omitted material facts about Teraphysics' financial strength and Teraphysics' ability to garner investments, licensing fees and/or sales from a number of major corporations.

50. Plaintiffs relied on the representations and/or omissions in purchasing

shares of Teraphysics' stock.

51. Plaintiffs were damaged because of the misrepresentations and/or omissions.

52. Plaintiffs have retained the undersigned law firm of Henderson, Franklin, Starnes & Holt, P.A. in this action and are obligated to pay it a reasonable fee for its services in bringing this action.

53. Plaintiffs are entitled to recover their costs and attorneys' fees from Defendants, pursuant to § 517.211(6), *Florida Statutes*.

**WHEREFORE,** Plaintiffs PAUL E. GAVIN and LINDA V. GAVIN respectfully request that this Court rescind the stock purchase between PAUL E. GAVIN and LINDA V. GAVIN and TERAPHYSICS CORPORATION, and award Plaintiffs damages of the consideration paid for the security or investment, plus interest thereon at the legal rate, attorneys' fees and costs, together with such other and further relief as this Court deems just and proper.

### Count III – Breach of Fiduciary Duty

54. Plaintiffs restate and reallege paragraphs 1 through 40 as if fully set forth herein.

55. Fisi, Mearini, Dayton, Cowden, Cuomo, and Honeywill, as members of Teraphysics' board of directors, owed a fiduciary duty to Plaintiffs.

56. As fiduciaries, Fisi, Mearini, Dayton, Cowden, Cuomo, and Honeywill were obligated to act in the best interests of Teraphysics' shareholders.

57. Fisi, Mearini, Dayton, Cowden, Cuomo, and Honeywill breached their fiduciary duties of care, loyalty, reasonably inquiry, oversight, good faith, and supervision.

58. Moreover, Fisi, Mearini, Dayton, Cowden, Cuomo, and Honeywill, breached their fiduciary duty to Plaintiffs by overseeing Teraphysics in such manner that was not in the shareholders' best interests, including but not limited to failing to appoint skilled and experienced management, failing to insist on independent OTA testing of Teraphysics' products, failing to insist on accurate financial projections provided to investors, failing to act as an independent board, and failing to adequately oversee the actions of Fisi and other officers.

59. Teraphysics' board of directors failed to make full disclosures when raising and receiving funds from Plaintiffs and failed to hold annual shareholder meetings.

60. Based on information and belief, Teraphysics' board of directors was not comprised of a majority of independent directors, as required by law.

61. Based on information and belief, Cowden, Cuomo, and Honeywill were not reasonably informed about and did not provide sufficient oversight for Teraphysics' important business and financial decisions. Cowden, Cuomo, and Honeywill rubber-stamped all management decisions without question.

62. Fisi, Mearini, Dayton, Cowden, Cuomo, and Honeywill's breach of their fiduciary duties is the proximate and actual cause of Plaintiffs' damages.

**WHEREFORE,** Plaintiffs PAUL E. GAVIN and LINDA V. GAVIN respectfully request that this Court enter judgment against Defendants FISI, MEARINI, DAYTON, COWDEN, CUOMO, and HONEYWILL, together with such other and further relief as this Court deems just and proper.

### Count IV – Fraud

63. Plaintiffs restate and reallege paragraphs 1 through 40 as if fully set forth herein.

64. Defendants made false statements concerning material facts; specifically, that Teraphysics was in much better financial shape in 2017 as compared to 2016 and was a much better investment.

65. Defendants made false statements that Teraphysics was about to become a very profitable corporation, that management was ready to proceed to take Teraphysics to the "next level," that Teraphysics would raise additional investments from its Reg A+ Offering, that Teraphysics' 5G wireless product was ready for production and would be in high demand by the major wireless carriers, and that Plaintiffs would be the last investors allowed to purchase Teraphysics' stock at One Dollar ($1.00) per share.

66. Defendants knew or should have known that their representations to Plaintiffs were false.

67. Defendants intentionally and deliberately made false representations to induce Plaintiffs' purchase of Teraphysics' stock.

68. Plaintiffs reasonably relied on these representations in making the stock purchase. Consequently, Plaintiffs suffered damages due to their reliance on Defendants' false representations.

**WHEREFORE,** Plaintiffs PAUL E. GAVIN and LINDA V. GAVIN respectfully request that this Court enter judgment against DEFENDANTS for damages, together with such other and further relief as this Court deems just and proper.

### Count V – Fraud in the Inducement

69. Plaintiffs restate and reallege paragraphs 1 through 40 as if fully set forth herein.

70. Defendants made false statements concerning material facts; specifically, that Teraphysics was in much better financial shape in 2017 as compared to 2016 and was a much better investment.

71. Defendants made false statements that Teraphysics was about to become a very profitable corporation, that management was ready to proceed to take Teraphysics to the "next level", that Teraphysics would raise additional investments from its Reg A+ Offering, that Teraphysics' 5G wireless product was ready for production and would be in high demand by the major wireless carriers, and that Plaintiffs would be the last investors allowed to purchase Teraphysics' stock at One Dollar ($1.00) per share

72. Defendants knew or should have known that their representations to Plaintiffs were false.

73. Defendants intentionally and deliberately made false representations to induce Plaintiffs' purchase of Teraphysics' stock.

74. Plaintiffs reasonably relied on these representations in making the stock purchase. Consequently, Plaintiffs suffered damages due to their reliance on Defendants' false representations.

**WHEREFORE,** Plaintiffs PAUL E. GAVIN and LINDA V. GAVIN respectfully request that this Court enter judgment against DEFENDANTS for damages, together with such other and further relief as this Court deems just and proper.

### Count VI – Fraudulent Misrepresentation

75. Plaintiffs restate and reallege paragraphs 1 through 40 as if fully set forth herein.

76. Defendants made false statements concerning material facts; specifically, that Teraphysics was in much better financial shape in 2017 as compared to 2016 and was a much better investment.

77. Defendants made false statements that Teraphysics was about to become a very profitable corporation, that management was ready to proceed to take Teraphysics to the "next level," that Teraphysics would raise additional investments from its Reg A+ Offering, that Teraphysics' 5G wireless product was ready for production and would be in high demand by the major wireless carriers, and that Plaintiffs would be the last investors allowed to purchase Teraphysics' stock at One Dollar ($1.00) per share

78. Defendants knew or should have known that their representations to Plaintiffs were false.

79. Defendants intentionally and deliberately made false representations to induce Plaintiffs' purchase of Teraphysics' stock.

80. Plaintiffs reasonably relied on these representations in making the stock purchase. Consequently, Plaintiffs suffered damages due to their reliance on Defendants' false representations.

**WHEREFORE,** Plaintiffs PAUL E. GAVIN and LINDA V. GAVIN respectfully request that this Court enter judgment against DEFENDANTS for damages, together with such other and further relief as this Court deems just and proper.

### Count VII – Negligent Misrepresentation

81. Plaintiffs restate and reallege paragraphs 1 through 40 as if fully set forth herein.

82. Defendants made false statements concerning material facts; specifically, that Teraphysics was in much better financial shape in 2017 as compared to 2016 and was a much better investment.

83. Defendants knew or should have known that their representations to Plaintiffs were false.

84. Defendants intentionally and deliberately made false representations to induce Plaintiffs purchase of Teraphysics' stock.

85. Plaintiffs reasonably relied on these representations in making the stock purchase. Consequently, Plaintiffs suffered damages due to their reliance on Defendants' false representations.

**WHEREFORE,** Plaintiffs PAUL E. GAVIN and LINDA V. GAVIN respectfully request that this Court enter judgment against DEFENDANTS for damages, together with such other and further relief as this Court deems just and proper.

### Count VIII – Violation of Securities Act of 1933 § 11
### (15 USC § 77K)

86. Plaintiffs restate and reallege paragraphs 1 through 40 as if fully set forth herein.

87. Defendants made false statements concerning material facts; specifically, that Teraphysics was in much better financial shape in 2017 as compared to 2016 and was a much better investment.

88. Teraphysics' Prospectus misled Plaintiffs and other reasonable investors by representing that Teraphysics was entering into "potential teaming arrangements"—business ventures—with companies such as Lockheed Martin, Ball Aerospace, Sierra Nevada Corp., and Honeywell.

89. These misrepresentations were material and misled reasonable investors about the nature of the investment.

90. Plaintiffs reasonably relied on these representations in purchasing shares of Teraphysics' stock. Consequently, Plaintiffs suffered damages due to their reliance on the aforementioned misrepresentations.

**WHEREFORE,** Plaintiffs PAUL E. GAVIN and LINDA V. GAVIN respectfully request that this Court enter judgment against DEFENDANTS, together with such other and further relief as this Court deems just and proper.

### Count IX – Violation of Securities Act of 1933 § 12
### (15 USC § 77L)

91. Plaintiffs restate and reallege paragraphs 1 through 40 as if fully set forth herein.

92. Defendants made false statements concerning material facts; specifically, that Teraphysics was in much better financial shape in 2017 as compared to 2016 and was a much better investment.

93. These misrepresentations were material and misled reasonable investors about the nature of the investment.

94. Defendants successfully solicited Plaintiffs to purchase 100,000 shares of Teraphysics' stock for One Hundred Thousand Dollars ($100,000.00).

95. Plaintiffs suffered damages as a result of the misrepresented solicitation of the $100,000.00 investment by Plaintiffs.

**WHEREFORE,** Plaintiffs PAUL E. GAVIN and LINDA V. GAVIN respectfully request that this Court enter judgment against DEFENDANTS, together with such other and further relief as this Court deems just and proper.

## Count X – Violation of Securities Act of 1934 § 10
### (15 USC § 78J)

96. Plaintiffs restate and reallege paragraphs 1 through 40 as if fully set forth herein.

97. Teraphysics' Prospectus misled Plaintiffs and other reasonable investors by representing that Teraphysics was entering into "potential teaming arrangements"—business ventures—with companies such as Lockheed Martin, Ball Aerospace, Sierra Nevada Corp., and Honeywell.

98. Teraphysics and its management intentionally and deliberately made false representations to induce Plaintiffs into purchasing shares of Teraphysics' stock.

99. Plaintiffs' purchase of Teraphysics' stock is the direct result of false representations.

100. Plaintiffs reasonably relied on these representations in purchasing 100,000 shares of Teraphysics' stock.

101. The misrepresentations are the proximate and actual cause of Plaintiffs' damages.

102. Plaintiffs suffered damages due to their reliance on Defendants' misrepresentations.

**WHEREFORE,** Plaintiffs PAUL E. GAVIN and LINDA V. GAVIN respectfully request that this Court enter judgment against DEFENDANTS, together with such other and further relief as this Court deems just and proper.

### Attorneys' Fees and Costs

Plaintiffs request that this Court award them attorneys' fees and costs on all matters where attorneys' fees and costs are appropriate and proper.

### Demand for Jury Trial

Plaintiffs demand a trial by jury on all matters so triable as a matter of right.

### Reservation to Allege Punitive Damages

Plaintiffs specifically reserve their rights to amend their pleadings to allege claims for punitive damages upon the proper showing in accordance with Florida law.

### Designation of Email Addresses

Pursuant to Federal Rules of Civil Procedure, Rule 11, counsel for Plaintiffs files this Designation of E-Mail Addresses for the service of pleadings and documents in the instant action:

Primary email: richard.mancini@henlaw.com
Secondary email: angel.cavill@henlaw.com

Dated this 1st day of August.

HENDERSON, FRANKLIN, STARNES & HOLT, P.A.
*Attorneys for Plaintiffs Paul E. Gavin and Linda V. Gavin*
3451 Bonita Bay Blvd., Suite 206
Bonita Springs, FL 34134
Tel: 239.344.1100

By: _/s/ Alexander Howell_____
C. Richard Mancini / FBN 149837
Primary e-mail: richard.mancini@henlaw.com
Secondary e-mail: angel.cavill@henlaw.com
Alexander E. Howell / FBN 1003654
Primary e-mail: alexander.howell@henlaw.com