UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PAUL E. GAVIN and LINDA V. GAVIN,

    Plaintiffs,

v.                                                    Case No.:   2:18-cv-532-FtM-38MRM

TERAPHYSICS CORPORATION and
LOUIS FISI,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

The Court entered Order an on August 12, 2019 requiring Defendant Teraphysics Corporation to secure legal counsel by August 23, 2019.  (Doc. 82).  On August 23, 2019 this Court again entered an Order requiring Defendant Teraphysics Corporation to secure legal counsel, extending the time to notify the Court until September 25, 2019.  (Doc. 84).  On October 8, 2019, this Court entered an Order to Show Cause, ordering Defendant to show cause why a default should not be entered against it for failure to comply with the Court's previous Orders, as well as M.D. Fla. R. 2.03(e).  (Doc. 89).

As explained below, Defendant Teraphysics Corporation has failed to comply timely with the Undersigned's Orders or to secure legal counsel to represent it in these proceedings.  The Undersigned respectfully recommends, therefore, that a default be entered against Defendant Teraphysics Corporation.

## RELEVANT PROCEDURAL HISTORY

On August 12, 2019 the Court granted Defendants' construed motion by attorneys Edmund J. Gegan and Rashida L. Willhoit to withdraw as counsel of record on behalf of Defendants Teraphysics Corporation and Louis Fisi and required Defendant to retain new

counsel to represent it in this action. (Doc. 82). On August 23, 2019, Defendant Teraphyiscs Corporation filed a Letter Motion requesting this Court grant it an additional 30 days to secure new counsel. (Doc. 83). The same day, this Court struck the letter motion as improper, but afforded Defendant an extension of time until September 25, 2019 by which to obtain counsel as required by M.D. Fla. R. 2.03(e). (Doc. 84). Defendant Teraphysics Corporation failed to retain new counsel as ordered. Therefore, this Court entered an Order to Show Cause no later than October 18, 2019, why a default should not be entered against it for failure to comply with the Court's previous Orders as well as M.D. Fla. R. 2.03(e). (Doc. 89).

## LEGAL STANDARD

Federal Rules of Civil Procedure 16(f) and 37(b)(2) allow the Court to sanction a party for failure to obey a pretrial order, including entry of a default against the offending party. *Glanzrock v. Patriot Roofing Indus., Inc.*, No. 807-CV-535-T-33MAP, 2008 WL 3833950, at *1 (M.D. Fla. Aug. 15, 2008). Fed. R. Civ. P. 16(f)(1)(C) specifically provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to obey a scheduling or other pretrial order." Sanctions under Fed. R. Civ. P. 37(b)(2)(A) include striking the pleadings in whole or in part, dismissing the case in whole or in part, and "rendering a default judgment against the disobedient party."

Defaults, however, are disfavored because of the strong policy of determining cases on their merits. *Claytor v. Mojo Grill and Catering Co. of Beleview, LLC*, No. 5:14-cv-411-Oc-30PRL, 2015 WL 1538111, at *1 (M.D. Fla. Apr. 7, 2015) (citing *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993)). Generally, the sanction of default is considered a drastic remedy that should be resorted to "only if noncompliance is due to willful or bad faith disregard of court orders." *Glanzrock*, 2008 WL 3833950, at *1 (citing *Adolph Coors Co. v.*

2

*Movement Against Racism and the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985)).  The Court must find that less drastic sanctions would not be equally effective in achieving compliance with the Court's orders.  *Id.* (citing *Adolph Coors*, 777 F.2d at 1543; *Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 481-82 (11th Cir. 1982)).  However, when a noncompliant party demonstrates "a flagrant disregard for the court," the "severe" sanction of default is not an abuse of discretion.  *See id.* (citing *Aztec Steel Co.,* 691 F.2d at 481).  Thus, the Court has the authority to enter defaults and default judgments "for failure . . . to comply with its orders or rules of procedure."  *Suarez v. Don Pan Tampa*, No. 8:11-cv-2295-T-33TGW, 2011 WL 6822191, at *1 (M.D. Fla. Dec. 28, 2011) (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).

## ANALYSIS

A review of the docket in this case reveals that Defendant Teraphysics Corporation failed to comply timely with the Undersigned's Orders dated August 12, 2019 and August 23, 2019 by failing to obtain counsel to represent it in this litigation.  (*See* Doc. 82, 84, 89); M.D. Fla. R. 2.03(e).  Defendant also failed to respond to this Court's Order to Show Cause why a default should not be entered for its failure to comply with this Courts previous Orders.  (Doc. 89).  The Undersigned finds, therefore, that entry of a default against Defendant Teraphysics Corporation is warranted under Fed. Rs. Civ. P. 16(f) and 37(b)(2).  The Undersigned also finds that the severe sanction of default is necessary in this case because:  (1) Defendant Teraphysics Corporation has demonstrated a flagrant, willful, and bad-faith disregard for the Court's Orders; and (2) no less drastic sanction would be effective in achieving compliance with the Court's Orders.

## CONCLUSION

For the foregoing reasons, the Undersigned **RESPECTFULLY RECOMMENDS** that the Presiding United States District Judge enter an Order directing the Clerk of Court to enter a default against Defendant Teraphysics Corporation.

Respectfully recommended in Chambers in Ft. Myers, Florida on October 23, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties